Craig J. Mariam (SBN: 225280)
cmariam@gordonrees.com
Allison Fernandez (SBN: 272853)
afernandez@gordonrees.com
Jason Shon (SBN: 306198)
jshon@gordonrees.com
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5077
Facsimile: (877) 306-0043

Attorneys for Defendant
IQ DATA INTERNATIONAL, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA JONES<br><br>                    Plaintiff,<br><br>          vs.<br><br>IQ DATA INTERNATIONAL, INC.<br><br>                    Defendant. | CASE NO. 8:17-cv-00818<br><br>**DEFENDANT IQ DATA INTERNATIONAL, INC.'S NOTICE OF REMOVAL**<br><br>Complaint:     April 5, 2017<br>Trial:              Not Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant IQ Data International, Inc. (hereinafter "IQ Data") removes this civil action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, based on federal question jurisdiction.  Specifically, plaintiff Cassandra Jones asserts claims for damages arising out of alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, as well as state law claims under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.* and the Consumer Credit Reporting Agencies Act

("CCRAA"), Cal. Civ. Code § 1785 *et seq.*

In support of this notice of removal, IQ Data, through its counsel, states as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff commenced this action by filing a Complaint in the Superior Court of the State of California for the County of Orange on April 5, 2017 styled *Cassandra Jones v. IQ Data International, Inc.*, Case No. 30-2017-00912979-CL-NP-CJC (the "State Court Action"). A true and correct copy of the summons and complaint is attached hereto as Exhibit "A," in accordance with 28 U.S.C. § 1446(a), and is incorporated by reference.

2. The Complaint asserts violations under the FDCPA, 15 U.S.C. § 1692 *et seq.* and the FCRA, 15 U.S.C. §1681 *et seq*. Plaintiff further alleges violation of the RFDCPA, Cal. Civ. Code § 1788 *et seq*. and the CCRAA, Cal. Civ. Code § 1785 *et seq*. The Complaint was served on IQ Data on April 6, 2017.

## BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

3. Under 28 U.S.C. § 1441(a), any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

4. Further, 28 U.S.C. § 1441(b) provides that any civil action for which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

5. This matter may be removed from the state court because this Court has original jurisdiction over claims arising under the FDCPA, which is a law of the United States. Further, the FDCPA provides "[a]n action to enforce any liability [created by this subchapter or under this title] may be brought in any

appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1692k(d).

6. In addition, this matter may be removed from the state court because this Court has original jurisdiction over claims arising under the FCRA, which is a law of the United States. Further, the FCRA provides "[a]n action to enforce any liability [created by this subchapter or under this title] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction." 15 U.S.C. § 1681(p).

## TIMELINESS OF REMOVAL

7. The summons and complaint was served on IQ Data on April 6, 2017. Defendant's Notice of Removal is therefore timely because defendant has filed this Notice "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

## VENUE

8. Venue is proper in this district and division because the State Court Action was filed and is pending in the Superior Court of the State of California for the County of Orange, which is located within the United States District Court for the Central District of California.

## SUPPLEMENTAL JURISDICTION

9. This Court also has supplemental jurisdiction to the extent any state law claims are alleged. *See* 28 U.S.C. § 1367(a) (a federal court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

10. This Court has jurisdiction over state law claims where a plaintiff seeks the resolution of a substantial federal question through the implication of remedies available under federal law. *See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-314 (2005).

11. The claims in plaintiff's Complaint arise under laws of the United States because plaintiff's claims necessarily depend on the remedies available under both 15 U.S.C. §1692 *et seq.* and 15 U.S.C. § 1681 *et seq.* Plaintiff invokes 15 U.S.C. §1692 *et seq.* and 15 U.S.C. § 1681 *et seq.* throughout the Complaint in requesting statutory damages under these federal statutes. Facts are asserted as being defined by federal statute in paragraphs 2-5, 10, 11, 21, 26 and 28 of the Complaint. Plaintiff's Complaint alleges a "violation" of 15 U.S.C. §1692 *et seq.* (paragraph 11) and 15 U.S.C. § 1681 (paragraphs 21).

## COMPLIANCE WITH REMOVAL PROCEDURES

12. Defendant has complied with the procedural requirements for removal set forth in 28 U.S.C. § 1446. As noted above, the notice of removal is filed within 30 days of the service of the pleading from which it may first be ascertained that the case is one which is or has become removable.

13. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, is being served on plaintiff.

14. Pursuant to § 1446(d), a copy of this Notice of Removal, including exhibits, will be filed with Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California, in Case No. 30-2017-00912979-CL-NP-CJC.

15. Copies of all process, pleadings and orders served on the defendant are attached hereto.

16. There are no other named defendants; therefore, there is no issue regarding joinder of all defendants.

-4-
NOTICE OF REMOVAL

WHEREFORE, IQ Data removes this action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.

                                          Respectfully submitted,

Dated: May 8, 2017                GORDON & REES LLP

                                      By:  /s/ Allison Fernandez
                                                 Craig J. Mariam
                                                 Allison Fernandez
                                                 Jason Shon
                                                 Attorneys for defendant
                                                 IQ Data International, Inc.

Gordon & Rees LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

1135391/32560085v.1